UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2011 JUL 22 PM 4: 21
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| DAVID LORENZO PROVENCIO, § <br> Fed. Reg. No. 58522-180, § <br> Movant, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> Respondent. § | EP-11-CV-292-PRM <br> EP-05-CR-1070-PRM-1 |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant David Lorenzo Provencio's ("Provencio") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 65].[1] In his motion, Provencio challenges his convictions for conspiratorial and substantive offenses involving the importation and possession of marijuana. Provencio claims that, as a result of his counsel's ineffective assistance, he unknowingly and involuntarily entered his guilty pleas. Upon reviewing the record, the Court finds that Provencio's motion is untimely and that he is not entitled to equitable tolling.[2] Accordingly, the Court will dismiss his motion.[3] The Court will additionally decline to certify his issues for appeal.

---

[1] "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in EP-05-CR-1070-PRM-1.

[2] *Cf. Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999) ("[W]e hold that the district court was within its authority under Rule 4 and Rule 11 of the Rules Governing [28 U.S.C.] Section 2254 Cases when it raised the . . . statute of limitations defense *sua sponte*."); *see also United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998) ("Because of the similarity of the actions under sections 2254 and 2255, they have traditionally been read in pari materia where the context does not indicate that would be improper.").

[3] *See* 28 U.S.C.A. § 2255 Proc. R. 4(b) (West 2011) ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## FACTUAL AND PROCEDURAL HISTORY

On April 15, 2005, Provencio drove a Chevrolet pick-up truck across the international border with passengers Marjorie Lucille Sterner ("Sterner") and her two minor children inside and entered the Ysleta Port of Entry in El Paso, Texas. A Customs and Border Protection officer referred the vehicle to a secondary inspection area after he noticed an apparent discrepancy in the depth of the truck's bed. A further inspection of the vehicle revealed a false compartment in the bed which held seventy-seven bundles with a combined weight of approximately sixty kilograms. The bundles contained a green leafy substance which field-tested positive for marijuana. After waiving his *Miranda* rights, Provencio explained that an individual known to him as "Fred" had offered him four thousand dollars to drive the drug-laden vehicle to Oklahoma City, Oklahoma. Provencio also claimed that Sterner had conspired with him to transport the drugs found in the truck.

After hearing this evidence, a grand jury sitting in the Western District of Texas, El Paso Division, returned a four-count indictment charging Provencio with conspiring to import, importing, conspiring to possess, and possessing fifty kilograms or more of marijuana. Provencio elected to forego a trial and pleaded guilty to the charges without the benefit of a plea agreement.

The presentence investigation report suggested that the Court begin with a base offense level of twenty, add twelve levels by virtue of the career offender enhancement in Sentencing Guideline § 4B1.1[4] based on Provencio's two prior robbery convictions in California, and deduct three levels due to Provencio's acceptance of responsibility. With Provencio's criminal history

---

[4] U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2005).

category of VI, the offense level produced an advisory guideline sentence range of 151 to 188 months' imprisonment. Provencio's counsel objected to the application of the career offender enhancement. He maintained that the California robbery statute encompassed "a substantial amount of conduct which does not constitute a crime of violence."[5] After hearing the arguments of counsel, the Court overruled the objection and sentenced Provencio to four concurrent 151-month imprisonment terms. The Court of Appeals for the Fifth Circuit affirmed the judgment.[6]

Adhering to the principle that *pro se* pleadings are construed liberally,[7] the Court understands Provencio to assert that his counsel provided ineffective assistance when he failed to advise him, before he entered his guilty pleas, that the Court could enhance his sentence based on his two prior robbery convictions. He claims that had his attorney told him about the enhancement, he would not have pleaded guilty. Thus, Provencio attacks the validity of his guilty pleas and his sentences on the grounds that he was not informed, prior to entry of his pleas, of the applicability of the Sentencing Guideline § 4B1.1 career offender enhancement.

## LEGAL STANDARD

*A.    Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted."[8]

---

[5] Mot. to Vacate Ex. D (Sentencing Tr. vol. II) at 2–8:9–10.

[6] *United States v. Provencio*, 202 F. App'x 41 (5th Cir. 2006), *cert. denied*, 549 U.S. 1236 (2007).

[7] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)).

Accordingly, "'[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'"[9] Thus, before a court may grant relief pursuant to § 2255, the movant must establish that "(1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack."[10]

B.   *Limitations*

Additionally, a § 2255 motion to vacate, set aside, or correct a sentence is subject to a one-year limitations period.[11] A federal prisoner must file his motion within one year from the date on which (1) the judgment became final; (2) the government-created impediment to filing the motion was removed; (3) the United States Supreme Court initially recognized, and made retroactively applicable to cases on collateral review, the legal predicate for the motion; or (4) the petitioner could have discovered, through due diligence, the factual predicate for the motion.[12]

C.   *Equitable tolling*

The one-year limitations period is not jurisdictional and is subject to equitable tolling.[13]

---

[9] *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)).

[10] *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

[11] 28 U.S.C.A. § 2255(f) (West 2011).

[12] *Id.*; *United States v. Brown*, 305 F.3d 304, 306–07 (5th Cir. 2002).

[13] *Cf. Holland v. Florida*, -- U.S. --, --,130 S. Ct. 2549, 2560 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases.").

Equitable tolling is not, however, available for "'garden variety claims of excusable neglect.'"[14] It is justified only "in rare and exceptional circumstances."[15] Such circumstances include situations in which a movant is actively misled by the respondent "'or is prevented in some extraordinary way from asserting his rights.'"[16] Additionally, "'[e]quity is not intended for those who sleep on their rights.'"[17] Rather, "'[e]quitable tolling is appropriate where, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.'"[18] Moreover, a movant has the burden of proving that he is entitled to equitable tolling.[19] In order to satisfy his burden, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion.[20] Finally, "[t]he decision to invoke equitable tolling is left to the discretion of the district court" and reviewed only for an abuse of discretion.[21]

With these principles in mind, the Court turns to Provencio's motion.

---

[14] *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

[15] *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[16] *Id.* (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).

[17] *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

[18] *Id.* at 715 n.14 (quoting *Pacheco v. Rice*, 966 F.2d 904, 906–07 (5th Cir. 1992)).

[19] *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

[20] *Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

[21] *Cousin*, 310 F.3d at 848.

## ANALYSIS

Provencio does not claim that the Government created an impediment to filing his motion or that the Supreme Court recognized a new right made retroactively applicable to cases on collateral review.[22] Provencio objectively knew or should have known the factual predicates for the claims in his motion well within the limitations period.[23] Thus, Provencio's limitations period began to run when his judgment of conviction became final.[24]

A judgment becomes final when the applicable period for seeking direct review expires.[25] Here, Provencio's conviction became final on February 20, 2007, when the United States Supreme Court denied his petition for writ of certiorari.[26] Accordingly, Provencio's time period for filing a § 2255 motion expired on February 20, 2008. Provencio constructively filed his instant motion on July 5, 2011, the day on which he signed and presumably placed it in the prison

---

[22] 28 U.S.C.A. §§ 2255(f)(2)-(3).

[23] *Id.* § 2255(f)(4); *cf. Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) ("First, the time commences when the factual predicate 'could have been discovered through the exercise of due diligence,' not when it was actually discovered by a given prisoner. Second, the trigger in [28 U.S.C.] § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance. . . . [F]ederal statutes use objective indicators as triggers. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit.").

[24] *Id.* § 2255(f)(1); *Dodd v. United States*, 545 U.S. 353, 357 (2005).

[25] *Clay v. United States*, 537 U.S. 522, 525 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

[26] *See Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

mail system.[27] Thus, Provencio filed his motion three years, four months, and sixteen days beyond the deadline. It is therefore untimely, and must be denied, unless equitable tolling applies.

Provencio suggests that equitable tolling applies in this case because neither the Government nor his counsel gave him notice before he entered his pleas that the Court could enhance his sentence based on his prior robbery convictions. Provencio maintains that he asked his appellate counsel to raise the lack of notice issue in his direct appeal, but asserts that his attorney "misconstrued [his] issue as an attack on the sentence rather than an attack on the plea."[28] He argues that, as a result of this error, he "remains unconstitutionally convicted and sentenced without due process of law."[29] He concludes that he "has actually been convicted of a crime of which he is actually innocent."[30]

Provencio has not diligently pursued his grounds for relief. Provencio concedes in his motion that he discussed his claims with his appellate counsel.[31] Thus, Provencio had an adequate opportunity to prepare and file a timely motion prior to the expiration of the one-year limitations period. He inexplicably delayed filing his motion more than three years beyond the deadline.

---

[27] A *pro-se* prisoner's habeas-corpus petition is constructively filed when the prisoner signs and presumably delivers the papers to prison authorities for mailing to the district court. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998)).

[28] Mot. to Vacate 14.

[29] *Id.* at 15.

[30] *Id.* at 16.

[31] *Id.* at 14.

"[E]quity is not intended for those who sleep on their rights."[32]

Further, Provencio was not convicted and sentenced absent due process of law. "The Constitution requires that a defendant be advised and understand the consequences of a guilty plea. 'The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged.'"[33] During the plea colloquy, Provencio indicated that he understood the maximum penalty for each count in the indictment.[34] The Court also explained that a probation officer would gather information and prepare a presentence investigation report which the Court would use to determine his sentence.[35] A defendant is "not entitled to any formal notice of the possibility of an enhanced sentence ... other than that required by due process."[36] Listing a defendant's prior convictions in a presentence investigation report "is more than adequate" to meet the requirements of due process.[37] Provencio received notice of the prior convictions, and the recommended application of the of the career offender enhancement pursuant to Sentencing Guideline § 4B1.1, in the presentence investigation report. His counsel objected to the career offender enhancement at Provencio's sentencing. After hearing the arguments of counsel, the Court overruled the

---

[32] *Covey*, 865 F.2d at 662.

[33] *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990) (quoting *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir. 1982)).

[34] Mot. to Vacate Ex. B (Plea Tr.) at 16:4–12.

[35] *Id.* Ex. B at 28:2–24.

[36] *Cf. United States v. Howard*, 444 F.3d 326, 327 (5th Cir. 2006) (holding defendant received adequate notice in the presentence investigation report to satisfy due process that government intended to seek an enhancement under the Armed Career Criminal Act).

[37] *United States v. O'Neal*, 180 F.3d 115, 126 (4th Cir. 1999).

objection. Provencio's assertion that he "remains unconstitutionally convicted and sentenced without due process of law"[38] is unavailing.[39]

Finally, to the extent Provencio relies on his actual innocence, his request for equitable tolling does not fare better. He presents no reliable new evidence that establishes his actual innocence of the underlying crime.[40] He does not assert that constitutional error occurred during the plea colloquy.[41] His "actual innocence claim also does not constitute a 'rare and exceptional' circumstance, given that many prisoners maintain they are innocent."[42]

Accordingly, the Court concludes that Provencio's motion is time-barred, that he is not entitled to equitable tolling, and that the Court need not address the merits of his claims.

## EVIDENTIARY HEARING

A motion brought under § 2255 may be denied without a hearing if the motion, files, and records of the case conclusively show that the defendant is not entitled to relief.[43] The record in this case is adequate to dispose fully and fairly of Provencio's motion. The Court need inquire no

---

[38] Mot. to Vacate at 15.

[39] *Howard*, 444 F.3d at 327.

[40] *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) ("The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists *in the light of the new evidence*, but rather that no reasonable juror would have found the defendant guilty.") (emphasis added).

[41] *Bousley v. United States*, 523 U.S. 614, 623 (1998) ("Petitioner's claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy 'has probably resulted in the conviction of one who is actually innocent.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)).

[42] *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).

[43] *Cf. United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992) (per curiam) (holding that there was no abuse of discretion in denying a § 2255 motion without a hearing where the movant's assertions of ineffective assistance were wholly conclusory in nature and refuted by reference to the record itself).

further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[44] Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[45] In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which certificate of appealability is granted.[46] Although Provencio has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[47]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[48] To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

---

[44] 28 U.S.C.A. § 2253(c)(1) (West 2011).

[45] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[46] 28 U.S.C.A. §2253(c)(3) (setting forth the narrow scope of appellate review in habeas corpus matters); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues).

[47] *See* 28 U.S.C.A. § 2255 PROC. R. 11(a) (West 2011) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[48] 28 U.S.C.A. § 2253(c)(2).

was correct in its procedural ruling."[49] Here, Provencio's motion fails because he cannot establish that reasonable jurists could conclude that his motion is not time-barred. Accordingly, Provencio is not entitled to a certificate of appealability .

## CONCLUSION AND ORDERS

For the reasons stated, the Court concludes that Provencio is not entitled to § 2255 relief or a certificate of appealability. Accordingly, the Court enters the following orders:

1. Movant David Lorenzo Provencio's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence [ECF No. 65] is **DENIED**, and his civil cause is **DISMISSED WITH PREJUDICE**.

2. Movant David Lorenzo Provencio is **DENIED a CERTIFICATE OF APPEALABILITY**.

3. All pending motions in this cause, if any, are **DENIED AS MOOT**.

**SO ORDERED.**

SIGNED this 22 day of **July, 2011**.

PHILIP R. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[49] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of § 2255 proceedings).